UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60512-CIV-SINGHAL/STRAUSS

DARREN RYAN PAUL,

    Plaintiff,
v.

AMERICAN LIBERTY VAN LINES LLC, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned on Plaintiff's Verified Motion for Attorney's Fees and Incorporated Memorandum of Law [DE 25] ("Motion"). The Motion was referred to the undersigned's predecessor for a report and recommendation pursuant to the District Court's Paperless Order [DE 26]. It was then reassigned to the undersigned on January 29, 2020 [*see* DE 31]. The undersigned has reviewed the Motion, Defendants' Response in Opposition to the Motion [DE 28], Plaintiff's Reply in Support of the Motion [DE 29], and the record in this case. For the reasons discussed herein, the undersigned **RECOMMENDS** that the Motion [DE 25] be **GRANTED IN PART and DENIED IN PART**. Specifically, the undersigned recommends a fee award in the amount of **$5,635.00**.

    I.    BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"). On October 29, 2019, the Court entered its Order Approving Settlement and Dismissing Action with Prejudice as to Settling Defendants [DE 21] ("Order Approving Settlement"). The subject Settlement Agreement [DE 20-1] resolved the issues in this case (other than the amount of reasonable attorney's fees) between Plaintiff and all Defendants other than Shawn Thompson ("Settling

Defendants"). Therefore, as indicated in paragraph 4 of the Order Approving Settlement, this case remains open and pending as to Mr. Thompson.

As set forth in the Settlement Agreement [DE 20-1], the Settling Defendants agreed to pay Plaintiff's attorney's fees in an amount to be determined by the Court. Pursuant to the Motion, Plaintiff now seeks to recover attorney's fees in the amount of $7,200.00 (18 hours at a rate of $400.00 per hour). The Settling Defendants do not dispute Plaintiff's entitlement to reasonable attorney's fees. They do, however, contend that only $3,150.00 of the attorney's fees incurred by Plaintiff are reasonable. Specifically, the Settling Defendants contend that (1) the hourly rate of Plaintiff's attorney should be reduced to $350.00, (2) the hours sought should be reduced to 13.5, and (3) the lodestar (reasonable hours multiplied by reasonable hourly rate) should be reduced by one-third based on the results obtained. As to the results obtained argument, the Settling Defendants assert that Plaintiff ultimately obtained less than one-third of what he sought in the Complaint. Succinctly, as reflected in Plaintiff's Statement of Claim [DE 1-3], Plaintiff sought $6,518.06 (half of which was alleged liquidated damages).

II.     ANALYSIS

In FLSA cases, a plaintiff who prevails is entitled to an award of reasonable attorneys' fees. 29 U.S.C. § 216(b); *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013). When courts examine the reasonableness of attorneys' fees, they begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar. *See id.* at 1301-02. The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Id.* at 1303 (citing *Hensley*, 461 U.S. at 437).

Fee applicants are required to exercise billing judgment and to exclude entries that are excessive or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). If fee applicants fail to do so, courts must do it for them. *Id.* The court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

A. Reasonable Hourly Rate

According to the Motion, Plaintiff's counsel, Elliot Kozolchyk, is an attorney who has been practicing for ten years in the area of employment law. He is the only shareholder at his firm. Plaintiff asserts that Mr. Kozolchyk's reasonable hourly rate is $400.00. The Settling Defendants counter that Mr. Kozolchyk's reasonable hourly rate is $350.00. The undersigned agrees with the Settling Defendants.

Following the filing of the Motion, the undersigned directed Plaintiff to submit information regarding his attorney's fee awards from the last two years [*see* DE 32]. Plaintiff's counsel thereafter submitted a Notice of Previously Awarded Fees [DE 35]. Therein, Plaintiff's counsel lists nine fee awards. In six of the nine matters, the court found $350.00 to be a reasonable hourly rate for Plaintiff's counsel. Although the court determined that Plaintiff's counsel's reasonable hourly rate was $375.00 or $400.00 in the other three matters, those matters were not contested.

Moreover, on February 28, 2020 (less than 2 weeks prior to the issuance of this Report and Recommendation), Judge Rosenberg found that $350.00 was a reasonable hourly rate for Plaintiff's counsel. *See Aldana v. Audiology Distribution, LLC*, No. 19-cv-80339, at DE 69 (S.D. Fla. Feb. 28, 2020). Based on the undersigned's own knowledge of reasonable hourly rates in this

community, the undersigned agrees with Judge Rosenberg and recommends that the District Court find $350.00 per hour to be a reasonable hourly rate for Plaintiff's counsel.

B. Hours Reasonably Expended

The undersigned has carefully reviewed the time records of Plaintiff's counsel and concludes that the majority of hours expended were reasonable. As an initial matter, the undersigned finds that the billing entries that are not contested set forth hours that were reasonably expended. With respect to the remaining entries, the undersigned's recommendations are discussed herein.

First, the Settling Defendants seek a reduction from 2.0 hours to 1.0 hour for the January 19, 2019 entry ("Met and Interviewed Client"). The undersigned agrees with the proposed reduction. Plaintiff argues that "[t]wo hours is not excessive to meet with a new client involving an employment dispute" [DE 29]. While that may be true in many instances, this is a simple FLSA case that involves a small amount at issue and a short four-month period. Under the circumstances, 2.0 hours is excessive, and only 1.0 hour should be awarded.

Second, the Settling Defendants seek a reduction from 0.5 hours to 0.2 hours for the February 26, 2019 entry ("Prepared Exhibit A to the Complaint, the Statement of Claim"). The undersigned disagrees with the proposed reduction. The amount of time spent was reasonable.

Third, the Settling Defendants seek a reduction from 0.2 hours to 0.1 hours for the March 4, 2019 entry ("Reviewed DE 6, Order to Meet, Confer, and File JSR"). The undersigned agrees with the proposed reduction. The time spent reviewing the standard three-page Order [DE 6] was excessive given that Plaintiff's counsel regularly represents FLSA plaintiffs in cases pending before this Court.

Fourth, the Settling Defendants seek reductions for Plaintiff's counsel's preparation of discovery on June 21, 2019 (three separate entries for 0.8, 0.7, and 0.9). The Settling Defendants' counsel asserted it was his "understanding that written discovery had not been exchanged in the case at that time" [DE 28]. In the Reply [DE 29], Plaintiff attaches proof that discovery was served on June 21, 2019. As such, the undersigned agrees with Plaintiff that the foregoing objection is baseless.

The Settling Defendants, however, also contend a reduction should be made to account for the discovery served on Shawn Thompson (who is not one of the Settling Defendants). Based upon this objection, the undersigned recommends that the time entries for preparing interrogatories and requests for admissions each be reduced by 0.1. The undersigned only recommends a small reduction because the majority of time incurred preparing the discovery would have been incurred regardless of whether Mr. Thompson was included within the discovery requests. With respect to the request for production, only a single request for production was served. In other words, while Plaintiff served separate sets of interrogatories and requests for admissions on Mr. Thompson, Plaintiff did not serve a separate request for production on Mr. Thompson. With the two reductions of 0.1, the June 21, 2019 time entries should be 0.8, 0.6, and 0.8.

Fifth, the Settling Defendants seek a reduction from 0.2 hours to 0.1 hours for the September 27, 2019 entry (reviewing and responding to email). Based upon the records before the Court, this time entry is not excessive.

Finally, the Settling Defendants seek a reduction from 1.2 hours to 0.6 hours for the October 3, 2019 entry (review of email and discovery propounded by Defendants). The undersigned agrees with the proposed reduction as the time is excessive based on the description provided.

5

Applying the foregoing reductions, the undersigned finds that 16.1 hours of the 18 hours expended were reasonable. Therefore, the lodestar figure for this matter is $5,635.00 (16.1 hours multiplied by $350.00 per hour).

### C. Adjustment for Results Obtained

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' " *Hensley*, 461 U.S. at 434. As discussed above, the Settling Defendants request a one-third reduction of the lodestar on the basis that Plaintiff settled for $2,000.00 even though he was seeking more than three times that amount.

Nevertheless, the undersigned does not agree that any basis exists to reduce the lodestar in this case. As the Settling Defendants note in their Response, "[a] lodestar figure 'is itself strongly presumed to be reasonable.' " DE 28 at p. 6 (quoting *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014)). If Plaintiff had proceeded to trial and only recovered $2,000.00, the result may be different. Plaintiff, however, resolved this matter months before trial, thereby avoiding additional attorneys' fees on both sides. Under the circumstances, the undersigned finds that no grounds exist in this case to overcome the presumption that the lodestar figure is reasonable.

### III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** the Motion [DE 25], and awarding Plaintiff attorney's fees of **$5,635.00** (16.1 hours multiplied by a reasonable hourly rate of $350.00).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 9th day of March 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Raag Singhal

Counsel of Record